UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WAYNE WILLIAM TUCKER,

    Plaintiff,

v.                                                        **Case No. 5:17cv280-TKW-HTC**

JULIE L. JONES, et al.,

    Defendants.

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 24) and the objections filed by Plaintiff (Doc. 31). The objections, like Plaintiff's other filings in this case, are inordinately long (302 single-spaced paragraphs spanning 26 pages with virtually no left or right margins) and are difficult to read because they are handwritten in the equivalent of a 10-point or less font. The Court has done its best to make sense of the objections.

Based on the Court's de novo review of the issues properly[1] raised in the objections, the Court agrees with the magistrate judge's determination that this case

---

[1] To the extent the objections challenge *the Court's* denial of Plaintiff's motion for extension of time and his renewed motion to appoint counsel, *see* Doc. 31, at 1 (¶¶1, 2), they are improper because Rule 72(b)(2) only authorizes objections to the *magistrate judge's* rulings. The "objections" to the *Court's* rulings will be treated as a motion for reconsideration of the order (Doc. 30) denying Plaintiff's motion for extension of time and renewed motion for appointment of counsel, and will be denied because Plaintiff has offered no good reason for the Court to reconsider the rulings in that order

is due to be dismissed because of Plaintiff's failure to state anything close to a viable claim against any of the 37 named defendants. Although the magistrate judge recommends that this case be dismissed <u>without</u> prejudice (*see* Doc. 24, at 29), the Court finds that dismissal <u>with</u> prejudice is appropriate because, as the magistrate judge stated (*see id.* at 1, 28), Plaintiff has been given three opportunities to amend his complaint and it would be futile (and contrary to the Prison Litigation Reform Act) to allow him another opportunity to do so. *See Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 467, 469 (11th Cir. 2019) ("A court may . . . dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even 'a more carefully drafted complaint could not state a claim.'") (quoting *Woldeab v. Decalb Cty. Bd. Of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). Accordingly, it is

    **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order, except as stated above.
2. Plaintiff's motion for reconsideration (*see* note 1, *supra*) is **DENIED**.
3. The third amended complaint (Doc. 22) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §1915A(b)(1).
4. The Clerk shall close the case file.

**DONE and ORDERED** this 13th day of September, 2019.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**